**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

|  |  |  |
|---|---|---|
| M.B., | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:26-CV-31 (LAG) |
| | : | |
| ALBANY PALACE INN, LLC d/b/a | : | |
| THE PALACE INN, SUNRISE INN, | : | |
| and MANISH PATEL, | : | |
| | : | |
|     Defendants. | : | |
| | : | |

## ORDER

Before the Court is Plaintiff's Motion for Protective Order and Leave to Proceed Anonymously. (Doc. 2). Therein, Plaintiff requests that the Court allow her to bring this action anonymously and grant a protective order pursuant to Federal Rule of Civil Procedure 26(c). (*Id.* at 1). For the reasons below, Plaintiff's Motion (Doc. 2) is **GRANTED**.[1]

## BACKGROUND

On February 27, 2026, Plaintiff filed a Complaint alleging a violation the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595(a). (*See generally* Doc. 1). That same day, Plaintiff filed the Motion for Protective Order and Leave to Proceed Anonymously, requesting that all materials, documents, pleadings, exhibits, and evidence of any kind filed in the above-captioned matter refer to Plaintiff and her

---

[1]     The Court rules on Plaintiff's Motion pursuant to Local Rule 7.7, which states that motions "in which the Court may clearly determine from the record before it the relative legal positions of the parties so as to obviate the need for filing of opposition thereto" may be considered by the Court immediately after filing. M.D. Ga. L.R. 7.7. "Objections to the motion[] will be entertained even after entry of an order on the motion, however. Any party desiring to submit an objection to . . . the foregoing motion[] must file a written objection within seven (7) days after service of the motion." *Id.*

immediate family members (parents and siblings) by pseudonymous initials with no other identifying information. (*See generally* Doc. 2).

## DISCUSSION

Plaintiff moves to proceed anonymously given that her claims are related to her status as a victim of child sex trafficking. (Doc. 2 at 3). Federal Rule of Civil Procedure 10(a) requires that "[e]very pleading" in federal court "name all the parties." Fed. R. Civ. P. 10(a). "Although this creates a 'strong presumption in favor of parties proceeding in their own names . . . the rule is not absolute.'" *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020) (per curiam) (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)). "A party may proceed anonymously by establishing a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (internal quotations and citation omitted). The Eleventh Circuit has instructed that:

> [w]hether a party's right to privacy outweighs the presumption of openness is a totality-of-the-circumstances question. . . . the first step is to consider whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." Along with these factors, a court should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.

*Id.* (internal quotations and citation omitted).

Furthermore, the Eleventh Circuit has found that when deciding whether to allow a party to proceed under a pseudonym the Court should consider whether the plaintiff was a minor when the alleged events occurred. *Plaintiff B*, 631 F.3d at 1317 (finding the district court abused its discretion when it denied plaintiff's motion to proceed under pseudonym when the case "involve[d] descriptions of the Plaintiffs in various stages of nudity and engaged in explicit sexual conduct while they were minors"). Plaintiff was a minor when

the alleged sex trafficking occurred, the issues in this case involve graphic descriptions of Plaintiff engaged in sexual activity as a child, and Plaintiff will admit that she engaged in commercial sex acts. (Doc. 2 at 4); *see Plaintiff B*, 631 F.3d at 1318; *see also Doe v. Frank*, 951 F. 2d 320, 324 (11th Cir. 1992). Additionally, Plaintiff fears that she may face "retaliation from her sex traffickers and/or their associates[.]" (Doc. 2 at 4). In light of Plaintiff's assertions and the relevant case law, the Court finds that Plaintiff's right to privacy outweighs the presumption of openness.

## CONCLUSION

Accordingly, Plaintiff's Motion for Protective Order and Leave to Proceed Anonymously (Doc. 2) is **GRANTED**. All material, documents, pleadings, exhibits and evidence of any kind filed in this case shall refer to Plaintiff as M.B. and her immediate family members (siblings and parents) by pseudonymous initials with no other additional identifying information.

**SO ORDERED**, this 3rd day of March, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**